IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONEIA STOUMILE,

        Plaintiff,

v.                                          Civil Action 2:25-cv-1277
                                             District Judge James L. Graham
                                           Magistrate Judge Kimberly A. Jolson

LIFE TIME FITNESS, INC.,

        Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (Doc. 1). For the following reasons, the Undersigned **RECOMMENDS** the Motion be **DENIED**.

Plaintiff Doneia Stoumile brings this case against Life Time Fitness for violations of Title VII of the Civil Rights Act. (Doc. 1-1). Based on her affidavit, it is difficult to assess whether Plaintiff's monthly income from all sources exceeded her monthly expenses. (Doc. 1). For example, Plaintiff lists that she is employed by "Village Green" and "Amazon" and claims to make a combined $3,100 in gross wages and $2,700 in take-home pay. (*Id.* at 1). When asked how often she receives this money, Plaintiff writes, "I receive weekly [a]nd biweekly pay," but she does not specify which of the two jobs pays her weekly, which pays her biweekly, or how much each job pays her. (*Id.*). As for monthly expenses, Plaintiff claims to spend $350 per week on an "Uber rental car," presumably for use in her third job as an Uber driver. (*Id.* at 1–2). She also lists $3,000 in credit card debt to Discover, and she claims to only have $300.00 in cash or in a checking or savings account. (*Id.* at 2). The Undersigned could not tell if these expenses outweighed her income. (Doc. 2). So, Plaintiff was ordered to submit a revised Motion filling in the gaps. (*Id.*).

When Plaintiff did not do so, the Court again ordered Plaintiff to refile her Motion, warning her that a failure to do so could result in a recommendation that the Motion be denied.  (Doc. 3).  To date, Plaintiff has still not refiled her Motion.  Thus, the Undersigned will evaluate her Motion as submitted.

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*.  335 U.S. 331 (1948).  An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted).  Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship").  Consequently, unless the one-time payment of the court's filing fee clearly will render the plaintiff unable to provide for herself, the Court cannot grant her *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

As noted, the Undersigned cannot determine if Plaintiff's gross wages and take-home pay are outweighed by her Uber expenses and credit card debt.  (Doc. 1 at 1–2).  Based on these representations—and Plaintiff's failure to clarify them—it does not appear that paying the one-time filing fee would cause Plaintiff to be deprived the necessities of life. *See Adkins*, 335 U.S. at 339; *see also Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons . . . who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee").  Accordingly, it is **RECOMMENDED** that her Motion for Leave to Proceed *in forma*

*pauperis* (Doc. 1) be **DENIED**. If this recommendation is adopted, it is further **RECOMMENDED** that Plaintiff be required to pay the filing fee within thirty (30) days of adoption or face dismissal.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:   January 15, 2026                        /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE